IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 20, 2015 Session

**ROBIN FLORES v. KEITH CELEBREZZE**

**Appeal from the Chancery Court for Hamilton County**
**No. 13-0631      Pamela A. Fleenor, Chancellor**

_____

**No. E2015-01885-COA-T10B-CV Filed October 28, 2015**

_____

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, from the Trial Court's denial of a post-judgment motion to recuse in a breach of contract case. Having reviewed the petition for recusal appeal filed by the Defendant, Keith Celebrezze ("Defendant"), we affirm the Trial Court.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Affirmed**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, and THOMAS R. FRIERSON, II, J.J., joined.

Keith Celebrezze, Murphy, North Carolina, appellant, *pro se.*

John P. Konvalinka, Chattanooga, Tennessee, for the appellee, Robin Ruben Flores.

**OPINION**

According to the petition filed in this Court, Defendant filed a post-judgment motion for recusal arguing that the Trial Court Judge's previous rulings and statements on the record in the case signal that she is actually biased against Defendant or, alternatively, that her impartiality in these proceedings might reasonably be questioned. Specifically, Defendant alleged in his motion that the Judge had ruled "as if she had not read the contract," that the Judge failed to answer Defendant post-verdict when he inquired as to how to recover money he had deposited into the registry of the court, that the Judge previously had denied a motion to recuse claiming that Defendant was "merely dissatisfied with the outcome" of the case, that

the Judge confused the parties' names on several occasions during the proceedings, and that the Judge had addressed Defendant on several occasions in a manner indicating a lack of awareness that Defendant had been an attorney since 1988, even though he acknowledged in his motion that he was retired at the time of the proceedings below. Defendant asserted in his motion that recusal of the Judge was required in order to ensure that he received a fair hearing on his then pending motion for relief from judgment filed pursuant to Rule 60.02 of the Rules of Civil Procedure.

The Trial Court Judge denied the motion on grounds that Defendant had stated no grounds warranting disqualification or recusal. Defendant then timely filed his petition for recusal appeal in this Court pursuant to Rule 10B.[1]

## ANALYSIS

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee. Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge. The appeal is commenced by filing a "petition for recusal appeal" with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02. The petition for recusal appeal "shall be accompanied by copies of any order or opinion [of the trial court] and any other parts of the record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court." Tenn. Sup. Ct. R. 10B, § 2.05. Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review. The appellate court's decision, in the

---

[1]Initially, this Court dismissed Defendant's petition for recusal appeal by opinion and judgment entered on October 2, 2015, concluding that the petition had not been timely filed in this Court. On October 13, 2015, this Court vacated the opinion and judgment after determining that certain documents provided by Defendant after entry of the opinion and judgment demonstrated that he had placed his petition "with a commercial delivery service, having computer tracking capacity" within the time required by Rule 10B. Tenn. R. App. P. 20(a); see also Tenn. Sup. Ct. R. 10, § 2.02. However, on the same day this Court vacated its opinion and judgment, Defendant filed in the Supreme Court of Tennessee a petition seeking an accelerated appeal pursuant to Rule 10B from this Court's vacated opinion and judgment. By order entered on October 19, 2015, the Supreme Court dismissed the petition filed by Defendant in that court on grounds that this Court already had vacated the challenged opinion and judgment. The Supreme Court noted that its disposition was "without prejudice" to Defendant's right to timely seek review of this Court's ultimate decision in this case.

court's discretion, may be made without oral argument." Tenn. Sup. Ct. R. 10B, § 2.06.

We have determined in this case after a review of the petition and supporting documents submitted with the petition, as well as the numerous filings Defendant has submitted that are in the nature of supplements to the initial petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Defendant does not demonstrate error by the Trial Court Judge in the denial of the motion to recuse.[2] As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B.

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." Bean v. Bailey, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting State v. Austin, 87 S.W.3d 447, 470 (Tenn. 2002)). Article VI, section 11 of the Tennessee Constitution states,

> No Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by affinity or consanguinity, within such degrees as may be prescribed by law, or in which he may have been of counsel, or in which he may have presided in any inferior Court, except by consent of all the parties.

This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" Id. (quoting Austin, 87 S.W.3d at 470). By statute, the Legislature has delineated those circumstances in which recusal is constitutionally required. See Tenn. Code Ann. § 17-2-101 (providing that no judge shall be competent to preside over a case, except by consent of all parties, where (1) the judge "is interested in the event of any cause," (2) the judge "is connected with either party, by affinity or consanguinity, within the sixth degree, computing by the civil law," (3) the judge "has been of counsel in the cause," (4) the judge "has presided on the trial in an inferior court," or (5) the judge presiding over a felony criminal case is connected to the victim of the crime "by affinity or consanguinity within the sixth degree, computing by the civil law").

---

[2]We note that we have confined our review to those documents that demonstrate on their face that they were a part of the record in the proceedings below. Defendant has included with his supplements to the petition both documents which we cannot confirm were ever filed in the proceedings below, and documents which clearly are styled for filing in a different case in a different court in Hamilton County than the proceedings which are the subject of this appeal.

In addition, "preservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." Kinard v. Kinard, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); see also Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." In other words, even if a judge subjectively believes he or she can be fair and impartial, the judge still must recuse himself or herself upon request whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'" Smith v. State, 357 S.W.3d 322, 341 (Tenn. 2011) (quoting Bean, 280 S.W.3d at 805).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." Alley v. State, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" Id. However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." Id.

"A trial judge's adverse rulings are not usually sufficient to establish bias." State v. Cannon, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." Alley, 882 S.W.2d at 821; see also State v. Reid, 313 S.W.3d 792, 816 (Tenn. 2006). The reason for this proposition has been explained by our Supreme Court as follows:

> [T]he mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal. Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon.

Davis v. Liberty Mut. Ins. Co., 38 S.W.3d 560, 565 (Tenn. 2001) (internal citations omitted).

There are no facts alleged or shown in the record that demonstrate either actual bias on the part of the Trial Court Judge or that would lead a well-informed, disinterested observer to question the impartiality of the Judge in this case. As the Judge noted in a prior order denying Defendant's request for recusal, the grounds asserted by Defendant in support of his motion appear to arise from his dissatisfaction with the outcome of the case. It cannot be argued that the Judge had a duty to recuse herself from presiding over the post-judgment proceedings below because Defendant believes the Judge ruled incorrectly against him and failed to remember his name or that he was once an attorney prior to the proceedings at issue.

## CONCLUSION

Having determined that the record provided by Defendant does not demonstrate error, we affirm the Trial Court's denial of the motion to recuse. Defendant is taxed with the costs of this appeal, for which execution may issue. This case is remanded for further proceedings.

_____
D. MICHAEL SWINEY, JUDGE

5